**BOWLES, Price Adm'r, Office of Price Administration, v. ASSAD et al.**

No. 2984.

District Court, W. D. Pennsylvania.

July 22, 1944.

John A. Metz, Jr., Dist. Enforcement Atty., and Wm. J. Blakesly, Enforcement Atty., OPA, both of Pittsburgh, Pa., for plaintiff.

Bialas & Ryan, of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

This case came before the court on complaint, answer, and proofs so far as concerns Robert Amper, trading under the name of the Robert Amper Company. The action is brought under Section 205(a) of the Emergency Control Act of 1942, as amended 50 U.S.C.A.Appendix § 925(a) for the purpose of restraining the defendants from alleged violation of Revised Price Schedule No. 4 (1943) inter alia defining certain grades of iron and steel scrap and fixing ceiling prices therefor.

So far as concerns the defendant, Albert Assad, he did not answer; and an injunction was issued against him restraining

him from violating the Act. The defendant Amper answered, and the case was heard before the court. We have filed herewith our findings of fact and conclusions of law holding that the plaintiff is not entitled to injunctive relief against the defendant, Robert Amper.

The facts are briefly these: The defendant, Albert Assad, a dealer in iron and steel scrap, trading as Albany Iron and Metal Company, sold through Robert Amper Company, brokers, to the American Steel & Wire Company a carload of scrap invoiced as No. 2 heavy melting steel at the price of $20 per gross ton in the Pittsburgh basing district. The American Steel and Wire Company rejected this shipment at its plant on the grounds that upon mere visual inspection and without moving or lifting any of the load, there were seen materials that did not comply with the schedule.

The Robert Amper Company, broker, was notified of that rejection and Amper then notified the defendant, Albert Assad; whereupon that transaction was nullified, and the carload of materials reverted to Assad. Assad then reshipped this carload of materials to the Steubenville plant of the Wheeling Steel Company. On its arrival at Steubenville, it was held on a stop-order of the investigators for OPA. The investigators found that the materials consisted of a "top dressing" of good No. 2 heavy melting steel to a depth of one foot or more; but upon turning or moving that top dressing by electric magnet, the materials below were found to be a lower grade. The shipment was then rejected by the Wheeling Steel Company.

The sole relation of Robert Amper to this transaction was that he turned it over to another broker. Assad came to him on February 10, 1944, promised to go over the material and bring it up to grade as No. 2 heavy melting steel, and expressed the intention to make shipment to Wheeling Steel Company at Steubenville. Amper stated that he had no brokerage con-

nections with Wheeling Steel Company, and that Stephens-Ruffner Company was in fact the broker for that corporation. Thereupon, Assad gave Amper a signed shipping notice allocating said car of materials to the Wheeling Steel Company at Steubenville, Ohio, as No. 2 heavy melting steel. Amper then telephoned that information to Stephens-Ruffner Company; and the same day, as per custom of the trade, mailing formal shipping notice to the same effect wherein Assad, trading as Albany Iron and Metal Company, was indicated as the shipper. Before this re-shipment on February 12, 1944, Assad notified Robert Amper Company that the car was now okay. The broker customarily does not make inspections of shipments through him to his customers. Here Robert Amper relied upon the promise of Assad to bring the materials up to grade and upon his representation of performance of that promise.

On these facts, we cannot see that the plaintiff is entitled to any injunction against Robert Amper, because we do not believe he was under any personal duty to inspect this car before he accepted it for re-shipment. The injunction should be denied.

Under Section 205(a) of the Emergency Control Act of 1942, the grant of an injunction upon application of the Administrator and a showing that the defendant has engaged in acts or practices violative of Sec. 4 of the Act, is not mandatory but is in the discretion of the court. Hecht Co. v. Bowles, Price Administrator, 321 U.S. 321, 64 S.Ct. 587.

We cannot see that there was any duty on the part of Amper to inspect personally this car before re-shipment. On the whole testimony in this case, we are of the opinion that Amper acted in good faith, and that there is no indication that he was a party to the violation of this Act by Assad, as complained of in this case. We therefore conclude that the bill of complaint should be dismissed as to Robert Amper.